IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILFORD PETE MENTESANA, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:20-CV-1933-K-BK |
| | § | |
| MARY KATHERIENE MENTESANA, | § | |
| DEFENDANT. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was referred to the United States magistrate judge for case management, including entering findings and a recommended disposition where appropriate. Upon review of the relevant pleadings and applicable law, this case should be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**I.     BACKGROUND**

Wilford Pete Mentesana ("Mentesana"), a Dallas County resident, filed a *pro se* complaint, along with over 70 pages of exhibits and a motion to proceed *in forma pauperis*. Doc. 3; Doc. 4. Defendant Mary Katheriene Mentesana is Mentesana's sister and a resident of Tarrant County. Doc. 3 at 78. Although the complaint is inartfully pled and difficult to decipher, Mentesana appears to allege fraud. He avers that Defendant has provided false information to different entities and individuals and informed the Veterans Administration that she has Mentesana's power of attorney. Among his exhibits, Mentesana encloses documents indicating that he revoked his previously executed power of attorney. Doc. 3 at 5, 7, 10-16.

## II. ANALYSIS

Before screening an *in forma pauperis* complaint under 28 U.S.C. § 1915(e), the Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction. *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Unless otherwise provided by statute, a federal district court has subject matter jurisdiction over (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 28 U.S.C. § 1331, or (2) a case where there is complete diversity of citizenship between parties and the matter in controversy exceeds $75,000, *see* 28 U.S.C. § 1332. "Under the well-pleaded complaint rule, 'a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action.'" *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008).

The Court liberally construes Mentesana's complaint with all deference due a *pro se* litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under this most liberal construction, however, Mentesana has not alleged facts that establish federal question or diversity jurisdiction.

Mentesana plainly fails to present a federal civil cause of action.[1] At best, his complaint alleges fraud, which (when properly pled) arises only to a state law claim. Also, Mentesana has not pled the existence of facts establishing subject-matter jurisdiction on the basis of diversity, which requires complete diversity of citizenship and an amount in controversy over $75,000. 28 U.S.C. § 1332; *see Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (district court cannot exercise diversity jurisdiction if the plaintiff shares the same state of citizenship as any one of the defendants) (citation omitted). Further, because the *Complaint* does not present a sufficient basis for federal question or diversity jurisdiction, the Court cannot exercise supplemental jurisdiction over Mentesana state claims, if any. 28 U.S.C. § 1367(a).

Therefore, the complaint should be dismissed without prejudice for lack of subject matter jurisdiction.

## III. LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint prior to dismissal, but leave is not required when he has already pled her "best case." *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). Here, the facts as alleged by Mentesana in his original complaint clearly demonstrate a lack of subject matter jurisdiction in this Court. Thus, granting leave to amend would be futile and cause needless delay.

---

[1] To the extent Mentesana attempts to allege a criminal law violation, it is not cognizable. federal criminal statutes do not provide for a private cause of action. The violation of a criminal statute does not create a private right of action. *See Cort v. Ash*, 422 U.S. 66, 79 (1975), overruled in part by Touche Ross & Co. v. Redington, 442 U.S. 560 (1979); *Suter v. Artist M.*, 503 U.S. 347, 363 (1992) (the party seeking to imply a private right of action bears the burden to show that Congress intended to create one).

### IV. CONCLUSION

For the foregoing reasons, this action should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.  *See* FED. R. CIV. P. 12(h)(3).

**SO RECOMMENDED** on July 28, 2020.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).